**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jermaine Donte Griffin, | ) | CV 01-1290-PHX-PGR |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Sheriff Joseph M. Arpaio, et al. | ) | |
| Defendants. | ) | |

This is an action involving claims of cruel and unusual punishment and unsafe living conditions under 42 U.S.C. § 1983.  Pending before the Court is Defendants' Motion to Dismiss (Doc. 12) for failure to exhaust all administrative remedies as required under 42 U.S.C. § 1997e(a).  The Court now rules on the motion.

**I.    PROCEDURAL HISTORY**

Plaintiff, Jermaine D. Griffin ("Griffin") filed an Inmate Grievance Form on December 1, 1999, with the front line detention officer requesting the addition of a ladder or steps leading to the to bunk bed.  This request was denied, but Griffin was given the option of a lower bunk bed.  Griffin appealed this decision to the shift supervisor on December 3, 1999. Again, this request was denied.  On December 7, 1999, Griffin appealed this decision to the Bureau Hearing Officer who agreed with the earlier decisions.

1   On December 9, 1999, Griffin appealed this decision to the Jail Commander in the
2   Inmate Institutional Grievance Appeal.  The Jail Commander agreed that the lower bunk bed
3   would resolve the problem and that no further action was needed.

4   On December 17, 1999, Griffin appealed this decision with an Inmate External
5   Grievance Appeal Form to an External Referee.  The Referee concluded the grievance had
6   been resolved and that pursuit of the matter any further would be frivolous.

7   On July 11, 2001, Griffin filed a Complaint in the United States District Court for the
8   District of Arizona alleging that the Defendants were deliberately indifferent to his serious
9   safety and medical needs.  On March 1, 2002, Defendants Sheriff Joe Arpaio ("Arpaio") and
10  Dheerendranath V. Raikhelkar, N.D. ("Raikhelkar") filed a Motion to Dismiss for failure to
11  exhaust all administrative remedies before filing suit. On April 18, 2002, this Court granted
12  the Defendants' Motion to Dismiss concluding that the Plaintiff had not exhausted his
13  administrative remedies regarding his claim of deliberate indifference.

14  On May 1, 2002, the Plaintiff filed a Motion to Reconsider this Court's ruling
15  dismissing the Complaint with prejudice.  While the argument was not directly raised by the
16  Plaintiff in his Motion for Reconsideration, the Court felt compelled to review its dismissal
17  in light of  Wyatt v. Terhune, 280 F.3d 1238 (9th Cir. 2002), opinion withdrawn on denial
18  of rehearing by 305 F.3d 1033 (9th Cir. 2002), opinion superceded by 315 F.3d 1108 (9th Cir.
19  2003).  In Wyatt, the Ninth Circuit ultimately held that the exhaustion requirement under the
20  Prison Litigation Reform Act was a defense that must be raised and proved by the
21  Defendants.  Wyatt, 315 F.3d at 1112.  In this case, the Defendants properly raised the issue
22  as an unenumerated Rule 12 motion.  Id. at 1119.  Per Wyatt, should a court find
23  nonexhaustion, the proper remedy is dismissal without prejudice.  Id. at 1120.  However, this
24  Court dismissed the matter with prejudice in its April 18, 2002 Order.  Furthermore, the
25  Ninth Circuit determined that a District Court could consider items outside the pleadings; for
26  example, grievance information.  Id.  In doing so, however, the Court "must assure that [the
27  Plaintiff] has fair notice of his opportunity to develop the record."  Id. at 1120 n. 14.

28

1    In light of the intervening <u>Wyatt</u> decision, the Court found the dismissal of the

2    Plaintiff's Complaint problematic.  First, the Court concluded that the Plaintiff was not

3    provided "fair notice of his opportunity to develop the record."  <u>Id.</u>[1]  The Defendants filed

4    their Motion to Dismiss on March 1, 2002, and then the Plaintiff filed his response on March

5    5, 2002; however, the Court did not provide the Plaintiff with any warning that he could or

6    should submit any of his own evidence although the Court did consider the grievance forms

7    provided by the Defendants which were outside pleadings.    In his Motion for

8    Reconsideration, the Plaintiff requested that the Court permit him to conduct some discovery

9    to refute the Defendants' motion.  Under <u>Wyatt</u>, the Court agreed and granted the Plaintiff's

10    Motion for Reconsideration.  In addition, the Court's Order and subsequent judgment were

11    vacated.  The Court then referred the matter back to Magistrate Judge Sitver for further

12    disposition.

13    Magistrate Judge Sitver entered a decision on March 27, 2003, reopening the

14    Defendants' Motion to Dismiss for the limited purpose of conducting discovery as to whether

15    the Plaintiff exhausted his administrative remedies.  Magistrate Judge Sitver entered a

16    concurrent order outlining the procedures for Plaintiff's response to the Motion to Dismiss

17    and setting deadlines for the response and the reply.

18    **II.    FACTUAL BACKGROUND**

19    Griffin alleges in his complaint that while incarcerated in the Maricopa County Jail

20    he was subjected to cruel and unusual punishment and unsafe living conditions because the

21    Defendants were deliberately indifferent to his medical and safety needs in violation of 42

22    U.S.C. § 1983.  Griffin contends he was taking medication for mental problems and also

23    experiencing dizzy spells.  While incarcerated at the Maricopa County Jail, Griffin alleges

24

25    [1]While the Ninth Circuit did not provide any significant guidance as to the nature of scope
      of "fair notice," this district provides the plaintiff with something similar to a Rand warning.  <u>Rand</u>

26    <u>v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998) (en banc).  Essentially, it informs the plaintiff that the case

27    could be dismissed if the defendants provide evidence of nonexhaustion and plaintiff does not
      provide any evidence to the contrary.

28

1  he suffered a knee injury while climbing down from the upper bunk.  Griffin was then

2  assigned to a lower bunk for one week at which time Griffin alleges the assignment was

3  disregarded and he was reassigned to a top bunk.  Griffin maintains that on December 3,

4  1999, he injured his neck and back during a second fall from the upper bunk.

5      Following the fall, Griffin filed his administrative appeals claiming that the prison's

6  lack of a permanent step or ladder was dangerous and hazardous to his personal safety.  At

7  each level of appeal, Griffin's request for a ladder was denied.  However, Griffin was

8  repeatedly offered the opportunity to move to a lower bunk in an effort to resolve the

9  grievance.  In their Motion to Dismiss, the Defendants assert that Griffin failed to exhaust

10  his administrative remedies because all his administrative appeals sought delivery of a ladder

11  while his Complaint deals with the separate issue of deliberate indifference.  As such, the

12  Defendants assert that Griffin's Complaint should be dismissed.

13  **III.    LEGAL STANDARD AND ANALYSIS**

14      A Motion to Dismiss raising the issue of exhaustion of administrative remedies should

15  be treated as a Rule 12(b)(6) motion for failure to state a claim upon which relief can be

16  granted under the Federal Rules of Civil Procedure.  <u>Wyatt</u>, 315 F.3d at 1119.  Exhaustion

17  under the Prison Litigation Reform Act ("PLRA") is comparable to a statute of limitations

18  as both are affirmative defenses.  <u>Id.</u>  The burden of nonexhaustion therefore falls on the

19  Defendants.  <u>Id.</u>  Furthermore, the Ninth Circuit requires a liberal construction of claims

20  submitted by <u>pro se</u> prisoners and instructs that <u>pro se</u> prisoner plaintiffs should be given any

21  benefit of doubt.  <u>See</u>, <u>e.g.</u>, <u>Klingle v. Eikenberry</u>, 849 F.2d 409, 413 (9th Cir. 1988).

22      **A.    Exhaustion Pursuant to Section 1997e(a)**

23      The PLRA states that, "no action shall be brought with respect to prison conditions

24  under section 1983 of this title, or any other federal aw, by a prisoner confined in any jail,

25  prison, or other correctional facility until such administrative remedies as are available are

26  exhausted."  42 U.S.C. § 1997e(a) (2001).  The administrative appeal system for Maricopa

27

28

1   County is described in the Inmate Grievance Procedure, and it involves a three tier system
2   of appeals.

3      In order to exhaust administrative remedies the prisoner must attempt resolution at all
4   three tiers.  The first tier involves a prisoner filing an Inmate Grievance Form within 48 hours
5   of the aggrieved event.  A front-line detention officer will attempt to remedy the problem;
6   if unsuccessful, the grievance is forwarded to a shift supervisor for resolution.  If there is still
7   no resolution the matter is forwarded to a Hearing Officer for review.

8      The second tier begins when the prisoner submits an Inmate Institutional Grievance
9   Appeal Form to the Jail Commander.  The Jail Commander then issues a recommendation.
10  If the grievance is still unresolved the prisoner may appeal to the third and final tier.

11     The third tier involves the prisoner filing an Inmate Grievance Appeal Form with an
12  External Referee.  When the External Referee issues his recommendation all administrative
13  remedies are exhausted.

14     It is undisputed in this case that Plaintiff Griffin exhausted all administrative remedies
15  in his attempt to require the Defendants to install ladders on the cell bunks.  However, the
16  Defendants claim Griffin failed to exhaust all his administrative remedies on the claim stated
17  in his complaint which contends that the Defendants were deliberately indifferent to Griffin's
18  safety and medical needs.

19     **B.  Specificity of Claims Under Section 1997e(a)**

20     At issue in this motion is whether the claim in Griffin's Complaint is different or
21  identical to the claim raised under his administrative appeals.  Few courts have addressed the
22  specificity required for grievance appeals under the PLRA.  Irvin v. Zamora, 161 F. Supp. 2d
23  1125, 1129 (S.D. Cal. 2001)  There are two approaches to determining if the grievance is
24  factually sufficient to fulfill the exhaustion requirement.

25     The Sixth Circuit applies a bright line rule that during the administrative process the
26  prisoner must identify every person that he ultimately intends to sue; however, this approach
27  is of no assistance to the current case.  Curry v. Scott, 249 F.3d 493 (6th Cir. 2001).  The

28

1   Eleventh Circuit's approach is more on point.  It states that a prisoner must provide in his

2   grievance as much information relevant information about his claims as the prisoner can

3   reasonably provide.  Brown v. Sikes, 212 F.3d 1205 (11th Cir. 2000).  The Court in Brown

4   states the purposes behind the exhaustion rule include (1) to give the agency a chance to

5   discover and correct its own errors; and (2) to let the agency develop the necessary factual

6   background upon which decisions should be based.  Id. at 1208.

7          In the current case, it is undisputed that Griffin continuously requested a permanent

8   step or ladder for access to the upper bunk.  The request and denial of a ladder is unrelated

9   to the claim of deliberate indifference resulting in cruel and unusual punishment.  Griffin did

10  not make all reasonable attempts to fully exhaust all administrative remedies in pursuit of his

11  allegation of deliberate indifference.  It is unreasonable for the prisoner to make claims at the

12  grievance level only indicating requests for a ladder and then expand the allegation within

13  the Complaint to include deliberate indifference.  The expansion of the claim to include

14  deliberate indifference would not agree with the purpose of the exhaustion rule under the

15  PLRA.   The purpose of the exhaustion rule is to let the agency develop the factual

16  background necessary to make an informed decision on the inmate grievance. The claim of

17  deliberate indifference was not exhausted at the administrative level prior to Griffin filing

18  the present Complaint in federal court.  Accordingly,

19         The Defendants' Motion to Dismiss is GRANTED.  Plaintiff Griffin's Complaint is

20  hereby dismissed without prejudice.

21         DATED this 2nd day of May, 2006.

22

23

24                                         Paul G. Rosenblatt
                                           United States District Judge

25

26

27

28                                         - 6 -